IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEAN MILLER,

    Plaintiff,

    v.

BUTTE COUNTY, BUTTE COUNTY SHERIFF'S DEPARTMENT, PERRY RENIFF, SHAROL STRICKLAND, CALIFORNIA FORENSIC MEDICAL GROUP, INC., and Does One through Twenty, inclusive,

    Defendants.

2:06-cv-00489-DFL-KJM

MEMORANDUM OF OPINION AND ORDER

Defendant Sharol Strickland ("Strickland"), Clerk of the Butte County Superior Court, moves to dismiss plaintiff Jean Miller's ("Miller") § 1983 claim against her. For the reasons stated below, the court: (1) dismisses with prejudice Miller's § 1983 claim against Strickland in her official capacity; (2) dismisses Miller's § 1983 claim against Strickland in her individual capacity with leave to amend within 90 days; and (3) dismisses with prejudice any § 1983 claim against Strickland based on respondeat superior.

I.

On February 25, 2004, Miller was sentenced to an Alternative Work Program in lieu of jail time for a misdemeanor conviction. (Id. ¶ 13.) On March 9, 2004, Miller reported to the Butte County Jail to begin the program. (Id. ¶ 15.) Miller alleges that she had with her an accurate copy of the sentencing document, which indicated that she had been sentenced to the program. (Id. ¶ 15.) However, a Sheriff's Department employee put her in jail instead. (Id. ¶ 16.) Miller allegedly protested and showed the employee the sentencing document, but the employee said it "didn't matter" and that he had instructions directly from Sheriff Perry Reniff to take Miller to jail. (Id. ¶ 16.) Miller was jailed for 35 days, and when released, the sentencing document she had with her when she reported to the jail was missing. (Id. ¶¶ 16-18.)

In her complaint, Miller alleges that someone altered the sentencing order, but she fails to identify who did so. (Id. ¶ 14.) Not until her opposition to Strickland's motion to dismiss did Miller allege that Strickand or one of her employees intentionally forged or falsified the document. (Opp'n at 3.)

II.

A.  Strickland in her Official Capacity

Strickland argues that as Clerk of the Superior Court she acts on behalf of the State of California and, therefore, is not subject to suit under § 1983. (Mot. at 5.) Strickland is

2

correct.  Superior Courts are "arms of the state" entitled to Eleventh Amendment immunity, and a plaintiff cannot bring a § 1983 claim against a Superior Court or its employees in their official capacity.  <u>Simmons v. Sacramento County Super. Ct.</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).  Court clerks are Superior Court employees.  Cal. Gov. Code § 811.9.  In addition, state officials are not "persons" under § 1983 when acting in their official capacity and, therefore, are not subject to liability under this statute.  <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

All claims against Strickland in her official capacity are dismissed with prejudice.

    B.  <u>Strickland in her Individual Capacity</u>

"The Eleventh Amendment does not erect a barrier against suits that impose individual and personal liability on state officials under § 1983."  <u>Hafer v. Melo</u>, 502 U.S. 21, 30-31, 112 S.Ct. 358 (1991).  Therefore, Strickland is not immune from liability to the extent that she is sued in her individual capacity.  Nonetheless, Miller failed to allege in the complaint any act by Strickland that violated § 1983.  (Mot. at 5.)  Miller merely alleges that someone altered the document; she does not specifically identify Strickland.  However, Miller claims in her opposition that, if allowed to amend her complaint, she would allege that Strickland altered the document.  Therefore, the court grants Miller 90 days to amend the complaint to allege a claim against Strickland in her individual capacity.  The 90 day period

is adequate time for Miller to take any discovery on this issue and make a decision, consistent with Fed. R. Civ. P. 11, whether to go forward with a claim against Strickland.

C.  Respondeat Superior Liability

"There is no respondeat superior liability under § 1983." Jones v. Williams, 297 F.3d 930, 937 (9th Cir. 2002).  Therefore, the court dismisses with prejudice any § 1983 claim against Strickland based on respondeat superior.

III.

For the reasons stated above, the court: (1)DISMISSES with prejudice Miller's § 1983 claim against Strickland in her official capacity; (2) DISMISSES Miller's § 1983 claim against Strickland in her individual capacity with leave to amend within 90 days of the file date of this order; and (3)  DISMISSES with prejudice any § 1983 claim against Strickland based on respondeat superior.

IT IS SO ORDERED.

Dated: July 17, 2006

/s/ David F. Levi
DAVID F. LEVI
United States District Judge

4